## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON

**HAROLD PHILLIP AMOS,**

    **Movant,**

**v.**　　　　　　　　　　　　　　　　**Case No. 2:09-cv-01379**
　　　　　　　　　　　　　　　　　　　**Case No. 2:06-cr-00086-1**

**UNITED STATES OF AMERICA,**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATION

On December 14, 2009, Movant, Harold Phillip Amos (hereinafter "Defendant"), filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 96). He is serving a sentence of 120 months imposed on September 27, 2006, based on his conviction by a jury of possessing with intent to distribute a quantity of oxycodone, in violation of 21 U.S.C. § 841(a)(1). (Judgment entered September 28, 2006, # 58.) Defendant's direct appeal was unsuccessful. United States v. Amos, No. 06-5065, 261 Fed. App'x 452, 2008 WL 59913 (4th Cir. Jan. 4, 2008), cert. denied, 129 S. Ct. 1605 (Mar. 9, 2009).

Defendant raises one ground for relief which he expresses as follows:

> Ground one: Ineffective Assistance of Counsel - Failure to object to guideline points calculated under §4A1.1(d). The PSR calculated 2 points under Criminal History Category pursuant to §4A1.1(d) for defendant committing the instant offense while under a sentence of probation. However, Counsel filed no objection thereto although it

was clear from the dates which the probation terms were imposed and the date of the offense, Petitioner's probation terms had expired before the instant offense occurred.

(# 96, at 4.)

On direct appeal, Defendant's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967); Defendant filed a *pro se* supplement which addressed a variant of the same issue which he is raising now. The Fourth Circuit addressed the matter as follows:

> In his *pro se* supplemental brief, Amos argues that he was incorrectly awarded two criminal history points for committing the instant offense, including any relevant conduct, while on probation. USSG §4A1.1(d), comment. (n.4). Because this issue was not raised in the district court, it is reviewed for plain error. *United States v. Olano*, 507 U.S. 725, 732-37, 113 S. Ct. 1770, 123 L. Ed.2d 508 (1993). The two points were awarded in the presentence report based on the informant's testimony that she bought oxycodone from Amos for two years prior to her arrest on March 3, 2006. Amos resided in Baltimore, Maryland, but made regular visits to West Virginia. He was convicted of a firearm offense and possession of oxycodone in West Virginia in 2005 and sentenced to one year of probation, which apparently ended on February 23, 2006. At the sentencing hearing, the district court decided that the informant was not credible as to the drug quantities she said she purchased from Amos, but concluded that he had sold her oxycodone at some point prior to his arrest on March 27, 2006. Although the court made no finding concerning specific prior transactions between Amos and the informant, we conclude that Amos has not shown that error occurred, *i.e.*, that he did not sell the informant oxycodone while he was on probation. If error did occur, it was not plain.

Amos, 2008 WL 59913 **1.

The Supreme Court addressed the right to effective assistance

of counsel in Strickland v. Washington, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test.  The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness.  Id., at 687-91.  There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel.  Id., at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.  The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Id., at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id., at 694.  The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice.  Id., at 697.

The presentence report ("PSR") indicates that Defendant was arrested on August 11, 2004 in Maryland and charged with possession

of marijuana and other offenses.  (PSR, ¶ 28, at 7.)  On November 9, 2004, he pled guilty to the marijuana possession charge and was sentenced to 30 days in jail, suspended, and one year unsupervised probation.  Id.  Thus he was on probation for the Maryland offense from November 9, 2004 to November 8, 2005.

The PSR further indicates that on June 19, 2004, Defendant was involved in a traffic accident in West Virginia on I-68 near Morgantown.  Id., ¶ 29, at 7-8.  The responding West Virginia State Trooper arrested Defendant for driving under the influence, carrying a concealed weapon without a license, and possession of Oxycontin and Viagra.  Id., at 7.  On February 24, 2005, Defendant pled guilty and was sentenced to ten days in jail, and placed on unsupervised probation for one year.  Id.  Thus Defendant was on probation for the West Virginia offenses from approximately February 24, 2005 (depending upon when he served his jail sentence) to approximately February 23, 2006.  All told, Defendant was on probation from November 9, 2004 to approximately February 23, 2006.

The offense conduct occurred on March 27, 2006, when Defendant was arrested with a large number of oxycodone pills.  During a search of Defendant's girlfriend's residence (where Defendant stayed when he visited Charleston) and Defendant's vehicle, 408 oxycodone pills and $1,500 in cash were recovered.  Id. ¶¶ 7-10, at 4.  Defendant's girlfriend stated that Defendant visited her two to three times a month.  Id. ¶ 9.  The informant, Debbie Carroll,

testified at the sentencing hearing that she first met Defendant in early 2003 for the purpose of buying Oxycontin pills.  (Tr. Disp. Hrng, # 71, at 7-8.)  She stated that she obtained large numbers of Oxycontin pills from Defendant, in different dosages, every few weeks from 2003 until March 3, 2006, when she was arrested.  Id. at 9-14.  While Chief Judge Goodwin found Ms. Carroll to be not credible as to drug quantity, he did find that Defendant sold oxycodone to her.  Id. at 34.

The overwhelming evidence established that Defendant was regularly visiting Charleston and selling oxycodone pills during 2005, while he was on probation.  Given the strength of the evidence, it was certainly not ineffective assistance of counsel for Defendant's attorney to fail to object to the addition of two criminal history points attributable to committing the offense conduct while on probation.

The undersigned proposes that the presiding District Judge **FIND** that Defendant was not denied effective assistance of counsel when his attorney failed to object to two additional criminal history points.

It is respectfully **RECOMMENDED** that the Section 2255 motion be denied.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District

Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the United States Attorney and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant and to transmit it to counsel of record.

<u>January 6, 2010</u>    *Mary E. Stanley*
　　Date            Mary E. Stanley
                    United States Magistrate Judge